1
2
3
4
5
6
7
8
9

10          UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORNIA

12
VICTOR BENITEZ,                    )     1:08-CV-00656 LJO GSA HC
13                                 )
                Petitioner,        )
14                                 )     FINDINGS AND RECOMMENDATION
        v.                         )
15                                 )
                                   )
16   KATHY MENDOZA-POWERS, Warden, )
                                   )
17              Respondent.        )
     _____)
18

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.

21          On May 8, 2008, Petitioner filed a federal petition for writ of habeas corpus in this Court.

22   This petition has been assigned case number "1:08-CV-00654 LJO DLB HC."  The petition

23   challenges a 2005 parole board decision.

24          On May 12, 2008, Petitioner filed a second federal petition for writ of habeas corpus in this

25   Court.  This petition has been assigned case number "1:08-CV-00656 LJO GSA HC." This petition

26   also challenges the 2005 parole decision and is nearly identical to the previously-filed petition.

27          "After weighing the equities of the case, the district court may exercise its discretion to

28   dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed

1   action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v.

2   California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have

3   'no right to maintain two separate actions involving the same subject matter at the same time in the

4   same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton

5   Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

6         In assessing whether a second action is duplicative of the first, the court examines whether

7   the causes of action and relief sought, as well as the parties or privies to the action, are the same.

8   Adams, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits

9   are identical pursuant to the transaction test, developed in the context of claim preclusion. Id.

10  Second, the court determines whether the defendants are the same or in privity. Privity includes an

11  array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419

12  F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of

13  interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996).

14  "Additional features of a virtual representation relationship include a close relationship, substantial

15  participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at

16  996).

17        A plaintiff is required to bring at one time all of the claims against a party or privies relating

18  to the same transaction or event. Adams, 487 F.3d at 693. The court has discretion to dismiss a

19  duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action

20  and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d

21  at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per

22  curiam)).

23        Because the instant petition challenges the same conviction as the petition currently pending

24  in case number "1:08-CV-00654 LJO DLB HC," the instant petition must be dismissed as

25  duplicative. To the extent Petitioner seeks to pursue his remedies with respect to the underlying

26  parole board decision, he must do so in the first case.

27                              **RECOMMENDATION**

28        Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be

1    DISMISSED as duplicative.

2        This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

3    United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

4    72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

5    California.  Within ten (10) <u>court</u> days (plus three days if served by mail) after being served with a

6    copy, any party may file written objections with the court and serve a copy on all parties.  Such a

7    document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

8    Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if

9    served by mail) after service of the objections.  The Court will then review the Magistrate Judge's

10   ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections

11   within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>,

12   951 F.2d 1153 (9th Cir. 1991).

13

14

15       IT IS SO ORDERED.

16   **Dated:    May 20, 2008**                        **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28